## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRENCE T. BATISTE II, | ) | Civil Action No.: 8:22-cv-190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TITAN MEDICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT TITAN MEDICAL GROUP, LLC'S NOTICE OF
### AND PETITION FOR REMOVAL

Defendant Titan Medical Group, LLC ("Defendant" or "Titan"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, and in accordance with the Federal Rules of Civil Procedure and Nebraska Civil Rules, hereby files this Notice of and Petition for Removal of a case from the District Court of Douglas County, Nebraska, bearing Case No.CI 21-11516. As grounds for this removal, Defendant states the following:

### BACKGROUND

1.     On December 2, 2021, Plaintiff filed his Complaint and Jury Demand ("Complaint") against Titan in the District Court of Douglas County, Nebraska, Case No. 21-11516.  A copy of the Complaint is attached with Exhibit A to this Notice.

### TIMELY REMOVAL

2.     On May 2, 2022, Titan received service of the Complaint by certified mail.  A copy of the return summons is attached with Exhibit A to this notice. The time period under 28 U.S.C. § 1446(b) for Titan to file this Notice of Removal has not expired.

**BASES FOR REMOVAL**

3.      Plaintiff has asserted claims against Titan for alleged violations of Title VII of the
Civil Rights Act of 1964 ("Title VII"),42 U.S.C. § 2000e, *et seq*; 42 U.S.C. § 1981 ("§ 1981");
and the Nebraska Fair Employment Practices Act ("NFEPA"), *Neb. Rev. Stat.* § 48-1104, *et seq*.

4.      This Court has original jurisdiction over Plaintiff's Title VII and § 1981 claims
pursuant to 28 U.S.C. § 1331.

5.      Plaintiff's Nebraska state law claims under NFEPA are so related to Plaintiff's Title
VII and § 1981 claims that they form part of the same case or controversy.

6.      In particular, in his Complaint, Plaintiff relies on the same set of factual allegations
to form his Title VII, § 1981, and state law claims. *See* Exhibit A, pp 1-5. Pursuant to 28 U.S.C. §
1367(a), this Court has supplemental jurisdiction over Plaintiff's Nebraska state law claims.

**VENUE**

7.      Venue is proper in this Court.  The United States District Court for the District of
Nebraska is the Division which encompasses Douglas County, the district in which the state court
case was filed.  Thus, the United States District Court for the District of Nebraska is the proper
district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**NOTICE OF COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

8.      An accurate copy of all process, pleadings, orders, and other papers or exhibits
currently on file with the state court are attached to this notice of and petition for removal as Exhibit
A as required by 28 U.S.C. § 1446(a).

9.      Promptly after the filing of this Notice, Titan will serve written notice of this removal on Plaintiff through his counsel and will file a copy of this Notice of Removal with the District Court of Douglas County, Nebraska.

## **REQUEST FOR PLACE OF TRIAL**

Defendant respectfully requests that trial of this action be held in Omaha, Nebraska.

WHEREFORE, Titan respectfully requests that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had originally been instituted in this Court.

Dated this 25th day of May 2022.

Respectfully submitted,

*/s/ Michaelle L. Baumert*
Michaelle L. Baumert, #20948
Brock J. Pohlmeier, #25817
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
(402) 391-1991
(402) 391-7363 – facsimile
michaelle.baumert @jacksonlewis.com
brock.pohlmeier@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2022, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all parties of record.

*/s/ Michaelle L. Baumert*

4862-4655-0304, v. 1

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210011516
Transaction ID: 0014842914
Filing Date: 12/02/2021 11:06:28 PM CST

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TERRENCE T. BATISTE II, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND JURY DEMAND** |
| | ) | |
| TITAN MEDICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendant hereby states the following:

### PARTIES-VENUE-JURISDICTION

1.      Plaintiff Terrence T. Batiste II is a resident of Omaha, Douglas County, Nebraska.

2.      Defendant Titan Medical Group, LLC ("TMG") is a foreign limited liability company conducting business in Nebraska and at all times relevant was doing business in Omaha, Douglas County, Nebraska.

3.      This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction under the claims arising under Federal law.

4.      Venue is appropriate in this District under Neb. Rev. Stat. §25-403.02. The acts about which Plaintiff complains occurred during the course of his employment in Omaha, Douglas County, Nebraska.

5.      On or about September 3, 2021, less than 90 days prior to the filing of this Complaint, the determination on his Charge No. 1-20/21-11-51694-RS was issued from the Nebraska Equal Opportunity Commission.

```
EXHIBIT
A
```

6.      On or about October 20, 2021, less than 90 days prior to the filing of this Complaint, a Notice of Right to Sue with respect to Plaintiff's Charge No. 32E-2021-00078 was issued by the U.S. Equal Opportunity Commission.

## FACTUAL BACKGROUND

7.      Plaintiff worked for the Defendant as a Human Resources Manager beginning March 23, 2019.

8.      Plaintiff is a homosexual black male.

9.      Plaintiff was the only black manager working for Defendant during the time he was employed there.

10.      Plaintiff was treated differently than other employees, specifically other managers, in many ways because of his race and sexual orientation.

11.      From the time of Plaintiff's hiring, he was paid about $15,000.00 less base salary than the other managers at TMG. In addition, Plaintiff was not given quarterly performance bonuses like the other managers which amounted to thousands of dollars difference in pay.

12.      Plaintiff was denied a parking pass to the underground parking like the other managers received.

13.      Plaintiff was the only manager with two direct supervisors; Jennifer Lyman, COO (hereinafter "Lyman") as well as Carrie Miller, CFO (hereinafter "Miller").

14.      Defendant did not list Plaintiff in the Leadership section on its website like the other managers, until Plaintiff questioned Lyman and Miller regarding his omission.

15.      Plaintiff was the only manager who had to accrue PTO, while the other managers enjoyed unlimited PTO.

16.     Plaintiff was not granted access to the company call recording systems like other managers, even though it was his job to investigate personnel issues in his capacity as Human Resources Manager.

17.     During the company holiday party, the owner of TMG asked Plaintiff if he would stand next to him in a photo while he was wearing a "Make America Great Again" hat. The owner and bystanders were laughing, clearly indicating to Plaintiff that the intention behind the photo was insincere. Plaintiff politely declined.

18.     All the managers had subordinates to help them except Plaintiff, although he asked repeatedly for Defendant to hire someone for benefits administration and recruiting. When Defendant finally hired these two positions, they were not assigned to him for supervision; yet Plaintiff was held responsible for their work and or mistakes.

19.     During the nationwide Black Lives Matter protests in May and June 2020, employees of Defendant had asked Plaintiff if he had been participating in the "riots" downtown because he was black.

20.     Part of Plaintiff's job duties was to enforce the Defendant's work rules regarding cell phone use, tardiness, and Covid-19 policy, such as wearing masks. When Plaintiff would talk to employees about not using their phones, coming back from lunch late and/or remind them to wear a mask, they would often ignore Plaintiff, be insubordinate towards Plaintiff or report him to Lyman as being aggressive and confrontational with them, which was not true. Instead of supporting Plaintiff as a manager who was carrying out his job duties, Lyman would instead confront Plaintiff.

21.     On July 17, 2020, Plaintiff had a conversation with a Caucasian woman, Tammy, with whom he had issues with in the past and believed she was going to make another unfounded

3

complaint against him. Plaintiff contacted Lyman and Miller, per the company anti-discrimination policy, and requested a meeting.

22.     When Plaintiff met with Miller, he explained that he felt there was an element of racism involved with the woman's complaint and how she and several employees treated him on account of his race. Miller immediately stopped Plaintiff and said there is no racism of any kind at TMG, she said not to talk like that and told him to never bring up the subject of racism at the company again.

23.     When Plaintiff returned to work on July 20, 2020, both Lyman and Miller met with him to follow up on the issue again. Plaintiff explained about sociology studies done on what is called 'white tears' where white, usually women, call the police on black men simply because they feel afraid or threatened for no reason other than racism. Plaintiff explained that he felt this was part of this situation with Tammy's complaints against him. Lyman said, "how dare you say such a thing, there is no racism here." Lyman continued, telling Plaintiff he didn't know what racism was and that it was wrong of him to use the term "white tears." Lyman further said Plaintiff overreacted by going to his supervisors about the issue, and that he should not have complained.

24.     Lyman and Miller then changed the subject and began downgrading his performance for things like the recruiter not performing tasks correctly, which was not Plaintiff's area of supervision.

25.     On July 24, 2020, Miller wrote Plaintiff an email saying he had overreacted about the race issue, and he was wrong, and questioned Plaintiff's ability to do his job because of it.

26.     On August 3, 2020, Plaintiff used a PTO day. The next day, Miller and Lyman told Plaintiff that on Monday while he was gone, they listened to his previous phone calls and read his emails.  Plaintiff had never heard of that being done to any other employee of TMG. Miller and

Lyman mentioned a joke Plaintiff made to someone saying that he hated recruiting, and another conversation where he made a comment about their phone number being on his caller id. They then told Plaintiff that because of these two conversations, Plaintiff was being terminated.

27.    Plaintiff was not offered any severance pay after his termination like other managers who were fired for good cause.

28.    Many employees of the Defendant were aware of Plaintiff's sexual orientation, as he did not go out of his way to keep it confidential. Plaintiff was told that some employees would comment negatively about his sexual orientation in front of managers that did nothing to correct the derogatory comments about another manager.

29.    Plaintiff was terminated on August 3, 2020.

30.    Prior to his termination, Plaintiff's job performance was satisfactory.

31.    At the time of his termination, Plaintiff was earning approximately $86,700.00 working full time hours for Defendant. As of the date of this filing, Plaintiff's lost wages resulting from Defendant's wrongful conduct are approximately $121,000.00 and are continuing. As part of his compensation, Plaintiff also received paid time off, health, dental, and vision insurance, 401K retirement contributions, and life insurance in amount that is currently unknown to Plaintiff and will be subject to further discovery.

32.    As a result of Defendant's wrongful conduct, Plaintiff suffered lost wages, compensatory damages, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and has also incurred attorney's fees and other costs that are continuing.

## COUNTS I & II

### RACE/COLOR DISCRIMINATION

### 42 U.S.C. §2000e and Neb. Rev. Stat. §48-1004

33.     Plaintiff hereby incorporates paragraphs 1 through 32 as if fully set forth herein and states:

34.     Defendant discriminated against Plaintiff with respect to terms and conditions of his employment on the basis of race and/or color in violation of Title VII and the NEFEPA by treating him differently than similarly-situated co-workers who were Caucasian and/or white.

35.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline, and termination of employment.

36.     Plaintiff's race and/or color were a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

37.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

38.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS III AND IV

### RACE DISCRIMINATION-HOSTILE WORK ENVIRONMENT

### 42  U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1004

39.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein and states:

40.     Defendant discriminated against Plaintiff with respect to his employment on the basis of his race in violation of the Title VII and the NEFEPA by subjecting him to a hostile work environment caused by the conduct of his subordinates and supervisors.

41.     Defendant's employees conduct was unwelcome.

42.     Defendant's conduct was based on Plaintiff's race or color.

43.     Defendant's conduct was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile.

44.     At the time such conduct occurred and as a result of such conduct, Plaintiff believed his work environment to be hostile.

45.     Plaintiff complained of the hostile work environment to Defendant, and Defendant did nothing remedy the issue.

46.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNT V

## RACE DISCRIMINATION

### 42 U.S.C. § 1981

47.     Plaintiff hereby incorporates by reference paragraphs 1 through 46 and states:

48.     Defendant discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981 by subjecting him to disparate treatment in the terms, privileges, and conditions of him employment.

49.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline, and termination of employment.

50.     Plaintiff's race was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

51.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

52.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## COUNTS VI AND VII

### RETALIATION

**42 U.S.C. §2000e-3 and Neb. Rev. Stat. §48-1114(1)(a)**

53.     Plaintiff hereby incorporates paragraphs 1 through 52 as if fully set forth herein and states:

54.     During his employment, Plaintiff engaged in protected activity, including but not limited to exercising his rights under Title VII and NEFEPA by internally complaining of race discrimination, internally opposing race discrimination and participating in an internal investigation related to race discrimination.

55.     Defendant took adverse employment action against Plaintiff, including but not limited to subjecting him to harassment, discipline, and termination of employment.

8

56.     There is a causal connection between Plaintiff's participation in protected activity and Defendant's adverse action against him.

57.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

58.     As a result of Defendant's retaliation, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages and benefits; front pay and other emoluments of employment.

## COUNTS VIII AND IX

## SEX DISCRIMINATION-DISPARATE TREATMENT

### 42  U.S.C. §§2000(e) et seq. and Neb. Rev. Stat. §48-1004

59.     Plaintiff hereby incorporates paragraphs 1 through 58 as if fully set forth herein and states:

60.     Defendant discriminated against Plaintiff with respect to terms and conditions of his employment on the basis of his sex in violation of the Title VII of the Civil Rights Act of 1964, as Amended ("Title VII"), and the NEFEPA by treating him differently than similarly-situated heterosexual male co-workers.

61.     Plaintiff suffered adverse action, including but not limited to unequal pay, unfavorable work assignments, discipline, and termination.

62.     Plaintiff's sex was a motivating factor in the decision-making regarding Plaintiff's terms and conditions of employment.

63.     The unlawful employment practices complained of above were malicious or recklessly indifferent to Plaintiff's rights as protected by Federal law, and by its conduct Defendant is subject to punitive damages.

64.     As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, front pay, and other emoluments of employment.

## DAMAGES

65.     Plaintiff hereby incorporates by reference paragraphs 1 through 64 and states:

66.     As a result of Defendant's discrimination, retaliation and other wrongful conduct, Plaintiff has suffered damages and seeks the following relief:

    a.   Back pay and lost benefits to the time of trial;

    b.   Front pay including retirement and other benefits;

    c.   Compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

    d.   Punitive damages under Federal law;

    e.   Attorney's fees, expert witness fees and other reasonable costs; and,

    f.   Pre-judgment and post judgment interest.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate him for him injuries and damages, for all him general, special, and punitive damages, for costs, attorney's fees, interest and for such other relief as just and equitable.

Plaintiff demands a trial by jury.

Dated: December 2, 2021.

TERRENCE T. BATISTE II,
Plaintiff


BY:   s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff

Image ID: D00788068D01

# NOTICE OF INTENT TO DISMISS

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA

Terrence T Batiste II v. Titan Medical Group, LLC

Case ID: CI 21 11516

### NOTICE AND INSTRUCTIONS

Pursuant Fourth District Court Local Rule 4-10, this notice is sent to inform each party that, within thirty (30) days from the date of this notice, one of the parties **must submit a completed Proposed Scheduling Order (PSO) form to the District Court Administrator** for review and approval. The Court Administrator will send the approved PSO to the Court assigned the case for final review and entry of the order. The Court will not consider motions or stipulations to extend or excuse the filing of the Order.

Complete the PSO form by choosing one (1) of the following and signing and dating the form:

**Part A.  Contact the office of the Judge assigned to your case to** get a date **for a scheduling conference. One signature required.**
**Part B.  Indicate the Trial or Final Hearing date, or the Trial held date if a decision is pending. One signature required.**
**Part C.  Parties agree to pretrial deadlines and provide pretrial information or request a pretrial conference.**

IF A PSO IS NOT SUBMITTED BY ONE OF THE PARTIES, THE ABOVE-CAPTIONED CASE WILL BE DISMISSED FOR LACK OF PROSECUTION.

### FIND THE FORM

The form, "Proposed Scheduling Order", is online at www.dc4dc.com. Paper copies are also available in the District Court Administrators Office, 1701 Farnam Street, Suite 500.

### FOR ALL CASES INVOLVING CHILDREN:

To avoid dismissal,  submit a PSO to the District Court Administrator AND, both parties **must report to Douglas County Conciliation Court** at 1701 Farnam Street Suite 155 or contact the office by phone at 402-444-7169 to comply with Fourth District Court Local Rule 4-3D.

### CHILD SUPPORT CASES

Please be advised, if your case is dismissed, all previous orders for child support will remain in full force and effect.  Any temporary orders entered as part of the current action will be dismissed, if the proposed scheduling order is not submitted in the allotted time frame.

### IF A CASE IS DISMISSED

Fourth District Court Local Rule 4-10(C) states that the Court assigned the case may, in its discretion, reinstate the case. To reinstate the case, submit the following forms to the office of the Judge assigned to the case:  (1) a motion to reinstate the case stating good cause why it should be reinstated; (2) a completed PSO; (3) an order to reinstate for the Judge to sign. If the Judge finds that the case shall be reinstated, an order to reinstate and a scheduling order are filed. Forms are available in the Law Library Room H08 Hall of Justice 1701 Farnam Street and online at  www.dc4dc.com.

If you have any question or concerns about this notice, please contact District Court Administrator, Sheri Larsen, either by email (dcadmin@dc4dc.com) or by telephone (402-444-7004).

Date:  April  4, 2022

_Sheri Larsen_
District Court Administrator

Titan Medical Group, LLC

# Please Email PSO to dcadmin@dc4dc.com

Image ID: D00788069D01

## NOTICE OF INTENT TO DISMISS

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA

Terrence T Batiste II v. Titan Medical Group, LLC

Case ID: CI 21 11516

### NOTICE AND INSTRUCTIONS

Pursuant Fourth District Court Local Rule 4-10, this notice is sent to inform each party that, within thirty (30) days from the date of this notice, one of the parties **must submit a completed Proposed Scheduling Order (PSO) form to the District Court Administrator** for review and approval. The Court Administrator will send the approved PSO to the Court assigned the case for final review and entry of the order. The Court will not consider motions or stipulations to extend or excuse the filing of the Order.

Complete the PSO form by choosing one (1) of the following and signing and dating the form:

**Part A.**   **Contact the office of the Judge assigned to your case to** <u>get a date</u> **for a scheduling conference. One signature required.**
**Part B.**   **Indicate the Trial or Final Hearing date, or the Trial held date if a decision is pending. One signature required.**
**Part C.**   **Parties agree to pretrial deadlines and provide pretrial information or request a pretrial conference.**

IF A PSO IS NOT SUBMITTED BY ONE OF THE PARTIES, THE ABOVE-CAPTIONED CASE WILL BE DISMISSED FOR LACK OF PROSECUTION.

### FIND THE FORM

The form, "Proposed Scheduling Order", is online at www.dc4dc.com. Paper copies are also available in the District Court Administrators Office, 1701 Farnam Street, Suite 500.

### FOR ALL CASES INVOLVING CHILDREN:

To avoid dismissal,  submit a PSO to the District Court Administrator AND, both parties **must report to Douglas County Conciliation Court** at 1701 Farnam Street Suite 155 or contact the office by phone at 402-444-7169 to comply with Fourth District Court Local Rule 4-3D.

### CHILD SUPPORT CASES

Please be advised, if your case is dismissed, all previous orders for child support will remain in full force and effect.  Any temporary orders entered as part of the current action will be dismissed, if the proposed scheduling order is not submitted in the allotted time frame.

### IF A CASE IS DISMISSED

Fourth District Court Local Rule 4-10(C) states that the Court assigned the case may, in its discretion, reinstate the case. To reinstate the case, submit the following forms to the office of the Judge assigned to the case:  (1) a motion to reinstate the case stating good cause why it should be reinstated; (2) a completed PSO; (3) an order to reinstate for the Judge to sign. If the Judge finds that the case shall be reinstated, an order to reinstate and a scheduling order are filed. Forms are available in the Law Library Room H08 Hall of Justice 1701 Farnam Street and online at www.dc4dc.com.

If you have any question or concerns about this notice, please contact District Court Administrator, Sheri Larsen, either by email (dcadmin@dc4dc.com) or by telephone (402-444-7004).

Date:   April  4, 2022

_Sheri Larsen_
_____
District Court Administrator

Jennifer L Meyer
jennifer@dyerlaw.com

## Please Email PSO to dcadmin@dc4dc.com

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210011516
Transaction ID: 0018288624
Filing Date: 04/28/2022 03:20:16 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TERRENCE T. BATISTE II, | ) | Case No. CI21-11516 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PRAECIPE** |
| | ) | |
| TITAN MEDICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

TO THE CLERK OF SAID COURT:

PLEASE ISSUE Summons with a copy of the Complaint in the above-entitled matter and deliver the same to attorney for the Plaintiff for service upon the Defendant via certified mail, return receipt requested, to the following address:

> Titan Medical Group, LLC
> by and through their Registered Agent
> Capitol Corporate Services, Inc.
> Suite 800
> 1125 S. 103rd St.
> Omaha, NE 68124

DATED this 28th day of April, 2022.

TERRENCE T. BATISTE II,
Plaintiff

BY:   s/ Jennifer Turco Meyer
Jennifer Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S. 117th Street
Omaha, Nebraska 68144
(402) 393-7529
(402) 391-2289 facsimile
Jennifer@dyerlaw.com
Attorney for Plaintiff

Image ID:
D00792526D01

**SUMMONS**

Doc. No.    792526

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Terrence T Batiste II v. Titan Medical Group, LLC

Case ID: CI 21    11516

TO:  Titan Medical Group, LLC

**FILED BY**

Clerk of the Douglas District Court
04/28/2022

You have been sued by the following plaintiff(s):

Terrence T Batiste II

Plaintiff's Attorney:     Jennifer L Meyer
Address:                  2611 S. 117th Street
                         Omaha, NE 68114

Telephone:               (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.

Date: APRIL 28, 2022      BY THE COURT:    *John M. Friend*
                                              Clerk

Page 1 of 2

```
Image ID:                         SUMMONS
D00792526D01                                              Doc. No.   792526
```

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Titan Medical Group, LLC
        Capitol Corporate Services, RA
        1125 S. 103rd Street Suite 800
        Omaha, NE 68124

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    792526 |
|---|---|

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 21   11516 Batiste v. Titan Medical Group, LLC

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                        _____

Mileage ____miles           _____

    TOTAL              $ _____

Date: _____     BY: _____
                                        (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE
Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                              _____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

To: Titan Medical Group, LLC          From: Jennifer L Meyer
    Capitol Corporate Services, RA          2611 S. 117th Street
    1125 S. 103rd Street Suite 800          Omaha, NE 68114
    Omaha, NE 68124

# ATTACH RETURN RECEIPT & RETURN TO COURT

**IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA**

| | |
|---|---|
| TERRENCE T. BATISTE II _____, )<br>　　　　　　　　Plaintiff/Petitioner, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　vs. 　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>TITAN MEDICAL GROUP, LLC _____, )<br>　　　　　　　　Defendant/Respondent. ) | **PROPOSED**<br>**SCHEDULING ORDER**<br><br>**CASE #** CI21-11516 _____<br>**OLD CASE #** _____<br><br>**JUDGE** Lux _____ |

002301568D01

TYPE OF CASE 　　◉ LAW　　　○ EQUITY

**CHOOSE EITHER A or B:**

**A.** The parties have been unable to agree upon a Proposed Scheduling Order and are required to appear at a scheduling conference hearing which has been set for August 23 , 20 22 at 10 : 00. The party submitting this form shall proper notify the other party or parties.

**B.** The parties to this action have conferred and agree as follows:

┌─────────────────────────────────────────────┐
│ _____ DOMESTIC RELATIONS │
│ ☐ MODIFICATION │
│ ☐ Dissolution　　　　☐ Alimony │
│ ☐ Separate Maintenance　☐ Child Support │
│ ☐ Annulment　　　　　☐ Parenting Time │
│ ☐ Other/Explain:_____ │
│ ☐ MINOR CHILDREN (Rule 4-3 Applicable) │
└─────────────────────────────────────────────┘

1. The parties are requesting a pre-trial conference ○yes ○no. If so, the parties have contacted the Court and it is set for _____, 20__ at __:__.

┌──────────────────────────────────────┐
│ ☐ Check if Additional parties, and │
│ identify on the back of this form │
└──────────────────────────────────────┘

2. The parties shall complete fact discovery on_____.

3. The parties shall file any amended pleadings and shall join any additional parties to the action by not later than_____.

4. The parties shall designate expert witnesses, if any, including curriculum vitae, and the subject matter about which each such expert is expected to testify by the following dates unless the parties mutually agree otherwise to extend deadlines for expert witnesses. Plaintiff expert(s) by:_____. All discovery shall be completed on such expert witnesses, including depositions, by not later than _____. Defendant's expert(s) by:_____. All discovery shall be completed on such expert witnesses, including depositions, by not later than _____.

5. The parties shall complete all agreed-upon means/methods of alternative dispute resolution by not later than_____.

6. The parties shall file all non-dispositive pre-trial motions by not later than _____, and the parties shall file all dispositive pre-trial motions by not later than_____.

7. The parties shall identify (a) all documents which may be offered in evidence and (b) all witnesses who may be called to testify, including each witness's name and address, by not later than_____.

8. The parties are requesting a _____jury trial _____non-jury/bench trial.

9. Local Rule 4-3 shall be complied with no later than ninety (90) days from the date this form is presented to the Court Administrator. Parties shall be responsible to report to Conciliation Court for compliance.

10. The parties must be prepared for trial by not later than_____.

11. The anticipated length of the trial will be_____.

12. The original has been presented to the Court Administrator for review. Dated this 28th day of April , 20 22

┌─────────────────────────────────────────┐
│ **JUDGE USE ONLY** │
│ │
│ Scheduling Conference:_____ │
│ Pre-trial Conference:_____ │
│ Ready for Trial Date:_____ │
│ Trial Date:_____ │
│ Jury Instructions Due:_____ │
│ Exhibits due to Ct. Rep.:_____ │
└─────────────────────────────────────────┘

s/ Jennifer Turco Meyer, #23760 _____
Plaintiff's/Petitioner's Attorney [Sign and Print Name]
Address 2611 S. 117th Street, Omaha, NE 68144
Telephone Number (402) 393-7529

_____
Defendant's/Respondent's Attorney [Sign and Print Name]
Address
Telephone Number

IT IS SO ORDERED this _____ day of _____, 20__.
BY THE COURT:

REV. CT. ADMIN.
Dated 4.28.22

_____
District Court Judge

*Rev. 02/09/12*

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210011516
Transaction ID: 0018328313
Filing Date: 05/09/2022 03:59:34 PM CDT

## SERVICE RETURN

Douglas District Court
1701 Farnam
Omaha          NE 68183

To:
Case ID: CI 21   11516 Batiste v. Titan Medical Group, LLC

Received this Summons on _____,_____ . I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party: _____

by _____

_____

_____

as required by Nebraska state law.

Service and return          $  _____

Copy                            _____

Mileage ____miles            _____

   TOTAL               $  _____

Date: _____     BY: _____
                                  (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _Titan Medical Group, LLC_____

At the following address: _Capitol Corporate Services, Inc., Registered Agent, Suite

800, 1125 S. 103rd St., Omaha, NE 68124_____

_____

on the ___29th___ day of _April, 2022_____, as required by Nebraska state law.

Postage $ _8.96____   Attorney for: _Terrence T. Batiste II, Plaintiff_____

The return receipt for mailing to the party was signed on _May 2, 2022_____, _____.

To: Titan Medical Group, LLC          From: Jennifer L Meyer
    Capitol Corporate Services, RA           2611 S. 117th Street
    1125 S. 103rd Street Suite 800           Omaha, NE 68114
    Omaha, NE 68124

# ATTACH RETURN RECEIPT & RETURN TO COURT

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse
  so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Titan Medical Group LLC
Capitol Corporate Services Inc.
Registered Agent, 1125 S. 103rd st
#800, Omaha NE 68124

9590 9402 6393 0303 4978 70

2. Article Number *(Transfer from service label)*

7021 2720 0000 7264 8103

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Betty Forten_  ☑ Agent  ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
_Betty Kirsenbur_  5/2/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☑ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☑ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ~~Insured~~ Mail
   ☐ ~~Insured~~ Mail Restricted Delivery
   (over $500)

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053         Domestic Return Receipt

Image ID:
D00792526D01

## SUMMONS

Doc. No.   792526

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Terrence T Batiste II v. Titan Medical Group, LLC

Case ID: CI 21   11516

TO:  Titan Medical Group, LLC

You have been sued by the following plaintiff(s):

Terrence T Batiste II

Plaintiff's Attorney:     Jennifer L Meyer
Address:                  2611 S. 117th Street
                          Omaha, NE 68114

Telephone:                (402) 393-7529

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date:  APRIL 28, 2022          BY THE COURT:     _John M. Friend_
                                                 Clerk

Page 1 of 2

Image ID:
D00792526D01

**SUMMONS**

Doc. No.    792526

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

    Titan Medical Group, LLC
    Capitol Corporate Services, RA
    1125 S. 103rd Street Suite 800
    Omaha, NE 68124

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

## REGISTRATION OF EMAIL ADDRESS FOR
## SELF REPRESENTED LITIGANT

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Case ID:  D   1  CI  21    11516

Terrence T Batiste II v. Titan Medical Group, LLC

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court.  This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐    My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐    I do not have the ability to receive emails. The reason I cannot receive email is:

_____

_____

_____

_____          _____
Signature                                Date

_____          _____
Name                                     Street Address/P.O. Box

_____          _____
Phone                                    City/State/ZIP Code

# Certificate of Service

I hereby certify that on Monday, May 09, 2022 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Titan Medical Group, LLC service method: No Service

Signature: /s/ Jennifer Turco Meyer (Bar Number: 23760)

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI210011516
Transaction ID: 0018392244
Filing Date: 05/24/2022 01:53:16 PM CDT

IN THE COUNTY COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TERRENCE T. BATISTE II, | ) | Case No. CI 21-11516 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TITAN MEDICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Titan Medical Group, LLC ("Defendant") and, pursuant to NEB. CT. R. PLDG. 6-1108(b), enters a general denial to all allegations pled in Plaintiff's Complaint in this matter.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint fails to state a cause of action upon which relief may be granted and fails to allege sufficient facts necessary to state a claim.

2.      Plaintiff's claims are barred, in whole or part, to the extent Plaintiff has failed to exhaust all administrative and procedural requirements, comply with all deadlines or timing requirements or otherwise satisfy prerequisites to commence this action and maintain all the claims Plaintiff has asserted in his Complaint.

3.      Plaintiff's claim for damages fails, in whole or part, because he has failed to mitigate his alleged damages.

4.      Plaintiff's own acts or omissions caused or contributed to any damages he claims he incurred.

5.      To the extent Plaintiff's wage was less than those of Defendant's employees of a different sex or sexual orientation, such reduced wage was the result of a seniority system, a merit

system, a system which measures earnings by quantity or quality of production, or a pay differential based on any factor other than sex or sexual orientation.

6.      There were legitimate, non-retaliatory reasons for all decisions made by Defendant regarding Plaintiff.  Plaintiff's alleged protected activity was not a significant factor in any of Defendant's employment decisions as to Plaintiff.

7.      Plaintiff cannot establish the requisite causal relationship between the alleged retaliation and any "protected activity".

8.      In discharging its duties, if any, Defendant has at all times acted reasonably and in good faith towards Plaintiff and fully satisfied its legal obligations under state and federal law.

9.      Defendant took prompt and appropriate remedial action in response to any alleged harassment and, therefore, Defendant cannot be liable to Plaintiff for harassment.

10.     Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

12.     Defendant avers that Plaintiff's claims for punitive damages are barred because he cannot prove by clear and convincing evidence that Defendant acted with actual malice relative to him.

13.     To the extent that Plaintiff engaged in acts of misconduct prior to or during employment, which, if known by Defendant would have resulted in termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or part.

14.     Defendant intends to rely on any other defenses that may become available, appear during, or are the result of further action in this matter, and hereby reserves its right to amend this Answer and Affirmative Defenses to assert such defenses.

WHEREFORE, Defendant respectfully requests that: (1) the Court enter judgment in its favor; (2) the Complaint be dismissed with prejudice; and (3) the Court enter an order granting to the Defendant its attorneys' fees, costs, and expenses incurred in defending this action, as well as other relief deemed just and equitable under the circumstances.

Dated this 24th day of May 2022.

Respectfully submitted,

/s/ Michaelle L. Baumert
Michaelle L. Baumert, #20948
Brock J. Pohlmeier, #25817
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, Nebraska 68114
(402) 391-1991
(402) 391-7363 – facsimile
michaelle.baumert @jacksonlewis.com
brock.pohlmeier@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to all parties of record.

/s/ Michaelle L. Baumert

4880-2460-7264, v. 1

# Certificate of Service

I hereby certify that on Tuesday, May 24, 2022 I provided a true and correct copy of the Answer to the following:

Batiste,Terrence,T,II represented by Jennifer Turco Meyer (Bar Number: 23760) service method: Electronic Service to jennifer@dyerlaw.com

Titan Medical Group, LLC service method: No Service

Signature: /s/ Michaelle L. Baumert (Bar Number: 20948)