IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE T. BATISTE II,<br><br>Plaintiff,<br><br>vs.<br><br>TITAN MEDICAL GROUP, LLC,<br><br>Defendant. | 8:22CV190<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Plaintiff's opposed motion to extend the unexpired expert witness deadlines by approximately 45 days. (Filing No. 14). For the reasons that follow, the motion will be granted and the deadlines are extended as specified below.

I.   Standard

Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: "to serve the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; see also Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them.") (citation omitted). Accordingly, the district court has broad discretion in establishing and enforcing the deadlines. Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006), citing Fed.R.Civ.P. 16, 37. To modify a progression order, a party must show good cause for the modification. Bradford, 249 F.3d at 809. To establish good cause, a party must show its diligence in attempting to meet the progression order. Id. (citation omitted). A district court may also consider the existence or degree of prejudice to the party opposing the modification. Id.

II.     Analysis

A complaint was filed in the District Court of Douglas County, Nebraska on December 2, 2021, and Defendant was served on April 29, 2022 with a Summons, a copy of Plaintiff's complaint, and Plaintiff's first set of interrogatories and requests for production of documents. (Filing No. 1 at CM/ECF p. 23, Filing No. 21-1 at CM/ECF p. 2). Defendant filed a notice of removal on May 25, 2022. (Filing No. 1). On July 8, 2022, the undersigned entered a final progression order. (Filing No. 8).

Plaintiff has requested an extension of the expert deadlines to follow depositions (tentatively planned for the first week of December) so counsel can determine, based upon witness testimony, whether an expert is necessary. Defendant opposes Plaintiff's motion, arguing there is no showing of good cause as required under Rule 16(b)(4) to extend the deadlines, and Plaintiff has not worked diligently to meet the current deadlines.[1]

Citing the undersigned's order in Daro v. Union Pac. R. R. Co. (4:20-cv-3087, Filing No. 49), Defendant argues that Plaintiff "failed to serve written discovery until August 1, 2022 and, after receiving timely responses, waited fifty-two (52) days to request depositions" of Defendant's employees. (Filing No. 16 at CM/ECF p. 1). Defendant argues Plaintiff knew about the potential witnesses long before making any attempt to depose them, therefore Plaintiff has not worked diligently to meet the

---

[1] Defendant also argues that Plaintiff's motion is not supported by a brief, evidence, or any plausible good cause argument or citation to relevant authority. While a supporting brief may have been helpful to provide context for Plaintiff's request, it was not strictly required under NeCivR. 7.1(a)(1)(B) which states that a brief is not required if a motion raises no substantial issue of law and relief is within the court's discretion. In response to Defendant's brief, Plaintiff requested and was granted permission to file a reply and evidence in support of the motion to extend. (Filing No. 21) Plaintiff's omission of a brief in this case will not be treated as an abandonment of the motion.

current deadlines. Defendant also asserts Plaintiff has not shown why depositions are needed before Plaintiff determines whether to disclose an expert.[2]

This case is distinguishable from Daro, in which the plaintiff asked for an extension of a deadline over a month after it had expired, and provided no explanation for why the deadline could not have been met or why the motion could not have been timely filed. While it is true that the parties must be diligent, it is also common for the parties to ask for extensions during the course of the case in response to unforeseen circumstances.

This case was removed to this district in May 2022. Plaintiff requested an extension prior to the expiration of the deadlines in question and provided a reasonable explanation for the request. Plaintiff's motion indicates there has been some delay in this case because Plaintiff's counsel was operating under the belief that Defendant would respond to the discovery served with the complaint in April 2022, prior to removal. Plaintiff argues he agreed to the progression deadlines in Filing No. 8, while under this impression, anticipating that discovery responses would be received sooner than they actually were.

In August 2022, Plaintiff's counsel contacted Defendant's counsel requesting a status update as to the discovery served before removal. Counsel stated her belief that the discovery was "considered served when we had our Rule 26 report conferral and 30 days has passed since then." (Filing No. 21-6 at CM/ECF p. 2). Defendant's counsel responded "We do not agree that Titan has any obligation to respond to

---

[2] Based on the filings of record, the court has no basis to question counsel's claim that she needs to review witness testimony before determining whether an expert witness is necessary. The court does note, however, the potential upside if, by first taking depositions, the plaintiff may choose to forego the expense and time of retaining experts. See Fed. R. Civ. P. 1 (requiring application of the discovery rules in a manner that secures "the just, speedy, and inexpensive determination of every action and proceeding").

discovery requests which you assert were served in state court."[3] (Filing No. 21-6). Upon learning that Defendant would not respond to the previously-served discovery, Plaintiff promptly re-served it, with responses due in September 2022, thereby shortening the anticipated time between receiving discovery responses and the impending deadline to designate experts. Plaintiff's counsel filed an affidavit in support of her motion stating that because of the unanticipated delay, she had less time to review Defendant's discovery to determine what depositions were needed, request the depositions, determine what experts were needed, and retain the appropriate experts.

Plaintiff has made a threshold showing of diligence in prosecuting this case. Further, no extensions of the progression schedule set in Filing No. 8 have been requested to date and a limited 45-day extension will not affect any deadlines outside of those related to expert witness identification and disclosures. As such, Defendant will not be prejudiced by the requested extension.

Accordingly,

IT IS ORDERED, for good cause shown, that Plaintiff's motion to extend is granted. (Filing No. 14). The final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference set for June 13, 2023 will be held as previously scheduled. (See Filing No. 8 ¶ 1).

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is April 28, 2023. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by May 12, 2023.

---

[3] See Steen v. Garrett, No. 2:12-CV-1662-DCN, 2013 WL 1826451, at *2 (D.S.C. Apr. 30, 2013); Riley v. Walgreen Co., 233 F.R.D. 496, 499 (S.D. Tex. 2005); Osborne v. Billings Clinic, CV 14-126-BLG-SPW, 2014 WL 6769752 (D. Mont. Dec. 1, 2014); and, Sterling Sav. Bank v. Fed. Ins. Co., No. CV-12-0368-LRS, 2012 WL 3143909 (E.D. Wash. Aug. 1, 2012), each holding, generally, that discovery served is nullified by removal to federal court. Plaintiff's reply cites to case law wherein the courts found that discovery served in state court prior to removal did not become null or ineffective. See Mann v. Metro. Life Ins. Co., No. 99-CV-36, 1999 WL 33453411 (W.D. Va. July 9, 1999); Riquelme v. United States, No. 8:07-CV-2180-T-30MAP, 2009 WL 1405179, at *2 (M.D. Fla. May 19, 2009). The undersigned has found no case law in this district addressing this issue.

> **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    December 15, 2022.
    For the defendant(s):    February 2, 2023.
    Plaintiff's rebuttal:    March 3, 2023.

4) The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    January 16, 2023.
    For the defendant(s):    March 6, 2023.
    Plaintiff(s)' rebuttal:    April 3, 2023.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is May 31, 2023.

6) The deadline for filing motions to dismiss and motions for summary judgment is August 11, 2023.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is May 5, 2023.

8) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10) Deadlines not changed by this order are unaffected. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due

diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 10th day of November, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge