IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE T. BATISTE II,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>TITAN MEDICAL GROUP, LLC,<br><br>　　　　　　　　　Defendant. | **8:22CV190**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Terrence T. Batiste II's motion to strike the report of, and ultimately exclude the testimony of defendant Titan Medical Group, LLC's expert, Timothy D. Loudon, under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, (1993). Filing No. 28.[1] This is an action for discrimination in employment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq; 42 U.S.C. § 1981 ("§ 1981"); and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1104, *et seq.* The action was removed from the District Court of Douglas County, Nebraska under 28 U.S.C. §1446. Batiste alleges he was terminated from employment by Titan on the basis of race and sexual orientation.

I.  BACKGROUND

The plaintiff moves to strike the defendant's expert report, contending the report contains no reliable application of methods and principles to the facts. He argues there is there is no methodology identified in the report and no evidence of any specialized experience that could apprise the jury of common industry standards, customs, or practices in the report. He also contends Mr. Loudon's opinions are likely to improperly confuse and mislead the jury. In response, Titan argues that the plaintiff's motion is

---

[1] Also pending is the plaintiff's motion to stay his expert rebuttal report deadline, Filing No. 31. Any ruling on further deadlines as to expert disclosures and expert depositions has been held in abeyance pending this ruling. Filing No. 43. The motion will therefore be denied as moot.

1

premature, contravenes the progression order, and is substantively deficient. It argues that Loudon's opinions meet the requirements for admissibility and will assist the jury in understanding an employer's obligations with respect to discrimination.

Timothy D. Loudon is a retired attorney. Filing No. 29-4 at 1, Ex. C, Expert Report. Loudon spent the beginning of his career as a Nebraska Equal Opportunity Commission investigator, investigating charges of discrimination. *Id.* He later represented employers and employees in private practice for 34 years. *Id.* In that capacity, he advised and trained companies and management on employment practices and has drafted and reviewed personnel policies and employee handbooks, including policies addressing discrimination and harassment, affirmative action, performance evaluations, and progressive discipline. *Id.* at 2. He has been identified as an expert to testify as an expert witness in human resources, performance management, performance management systems and processes, employment law and policies, employment investigations, human resources training and expertise, workplace harassment/discrimination and workplace harassment/discrimination complaints.[2] Filing No. 29-2, Ex. A, Defendant's identification of expert witness. In his report, he addresses Titan's alleged failure to utilize progressive discipline or to conduct an annual performance evaluation for the plaintiff; the adequacy of the Titan's investigation of the plaintiff's complaint of racial discrimination; and Batiste's allegation of retaliation, specifically, whether he engaged in protected activity. *Id.* at 6–9.

---

[2] Batiste has similarly identified an expert to testify on those topics. Filing No. 29-3, Ex. B, plaintiff's identification of expert witness.

I.  LAW

The objective of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 722 (8th Cir. 2015). In exercising its gatekeeping function, the Court must make a preliminary assessment of whether the reasoning or methodology underlying the proposed expert testimony is valid and of whether that reasoning or methodology properly can be applied to the facts in issue, focusing specifically on the methodology and not the conclusions. *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1000–01 (8th Cir. 2019).

*Daubert* and its progeny "call for the liberal admission of expert testimony." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021). Thus, "the rejection of expert testimony is 'the exception rather than the rule.'" *United States v. Perry*, 61 F.4th 603, 606 (8th Cir. 2023) (quoting *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006)). "Rule 702 is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Id.* (quoting *Robinson*, 447 F.3d at 1100). An expert may proceed as far as, but no further than, his specialized knowledge assists him in going. *Hirchak v. W.W. Grainger, Inc.*, 980 F.3d 605, 609 (8th Cir. 2020). "'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means' of addressing 'shaky but admissible evidence.'" *In re Bair Hugger*, 9 F.4th at 768, 778 (8th Cir. 2021) (quoting *Daubert*, 509 U.S. at 596).

An expert cannot testify as to matters of law, and legal conclusions are not a proper subject of expert testimony. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*,

3

320 F.3d 838, 841 (8th Cir. 2003). "Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.*; *see also United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988) ("[R]esolving doubtful questions of law is the distinct and exclusive province of the trial judge."); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards"). Further, an expert cannot offer an opinion that defendant violated a statute. *Frye v. Hamilton Cnty. Hosp.*, No. 18-CV-3031-CJW-MAR, 2019 WL 2404330, at *4 (N.D. Iowa June 7, 2019); *Doe YZ v. Shattuck-St. Mary's Sch.*, 214 F. Supp. 3d 763, 781 (D. Minn. 2016) (holding that an expert's testimony "may not extend to whether [defendant] or any of its employees actually violated [the statute at issue] because that would be an inadmissible legal conclusion").

Expert or fact testimony on industry practice or standards, however, is often relevant and admissible. *S. Pine Helicopters, Inc.*, 320 F.3d at 841. Testimony about industry standards, or policies adopted by other institutions to comply with applicable regulations, is not generally regarded as a legal opinion or conclusion. *See also Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 952–53 (D. Minn. 2018) (excluding an expert's testimony "about the legal requirements of Title IX or about [the expert's] conclusions as to whether [defendant] complies with Title IX", but finding the expert could testify as to the history and purposes of Title IX and relevant industry practices or standards; *Doe YZ*, 214 F. Supp. 3d at 781 (permitting plaintiffs' expert to testify "as to the existence of mandatory reporting statutes and the policies and procedures that other schools have implemented to comply with such statutes" but excluding testimony about whether defendant violated the mandatory reporting statute in question).

4

Courts must guard against invading the province of the jury on a question which the jury is entirely capable of answering without the benefit of expert opinion. *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015). Generally, an opinion is not objectionable just because it embraces an ultimate issue to be decided by the trier of fact. *Scheerer v. Hardee's Food Sys., Inc.*, 148 F.3d 1036, 1038 (8th Cir. 1998); Fed. R. Evid. 704(a)). However, "[o]pinions that 'merely tell the jury what result to reach' are not admissible." *Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010) (quoting Fed. R. Evid. 704 advisory committee's note). "'As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) (quoting *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002)).

III.   DISCUSSION

Generally, the Court finds that that Loudon is qualified to testify as an expert on industry standards for human resources investigations and responses to allegations of discrimination, as well as about the history and purposes of antidiscrimination laws. His testimony and opinions are based on his education and experience. His opinions may help the trier of fact to determine whether Titan's actions comported with industry standards. The plaintiff's objections go more to the weight than the admissibility of the testimony and the plaintiff's concerns can be addressed in cross-examination or with competing expert testimony.

However, the Court will not allow Mr. Loudon to testify to issues of law or to express opinions that invade the province of the Court or the jury. Whether an activity is protected under the statute for purposes of a retaliation claim is a question of law. *See Morris v.*

5

*City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) ("Whether the protected activity was a substantial or motivating factor in an employment decision is a question of fact, but the sufficiency of the evidence to create an issue of fact for the jury is solely a question of law.").

Let it suffice to say at this point in the litigation that the plaintiff has not shown the expert's testimony should be categorically excluded.  The Court is unable at this juncture to assess the expert's testimony in the context of objections to be interposed at trial.  The testimony may be subject to such objections as foundation, relevance, and unfair prejudice.

IT IS ORDERED:

1. The plaintiff's motion to strike or exclude the expert testimony (Filing No. 28) is denied, without prejudice to objections raised at trial.

2. The plaintiff's motion to stay expert rebuttal deadline (Filing No. 31) is denied as moot.

3. The stay imposed in the final progression order (Filing No. 43) is lifted.  The rebuttal expert disclosure deadline is extended to 21 days from the date of this order.

Dated this 9th day of August 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge