IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE T. BATISTE II,  Plaintiff,  vs.  TITAN MEDICAL GROUP, LLC,  Defendant. | 8:22CV190  **MEMORANDUM AND ORDER** |

On April 3, 2023, Plaintiff filed a motion to strike the expert report and exclude testimony from Timothy D. Loudon. (Filing No. 28). The same day, Plaintiff requested to stay the rebuttal expert report deadline until the court ruled on the motion to strike. (Filing No. 31). The undersigned held any ruling on deadlines as to expert disclosures and expert depositions in abeyance pending a ruling on Plaintiff's motion to strike. (Filing No. 43).

On August 9, 2023, Senior Judge Bataillon denied Plaintiff's motion to strike, denied the motion to stay the expert report as moot, and set a 21-day deadline for expert disclosures. Pending before the court is Plaintiff's motion to extend the rebuttal expert deadline from August 30, 2023, to September 25, 2023.[1] (Filing No. 45).

Plaintiff's counsel conferred with the rebuttal expert, Vida Thomas, after the motion to strike was denied, and Plaintiff determined that a rebuttal report was necessary. Thomas indicated that because of her professional schedule and the

---

[1] Plaintiff's motion requests an extension to September 22, 2023, because Plaintiff anticipated receiving the rebuttal expert's report on or before that date. Plaintiff emailed chambers to request an extension to September 25, 2023 to reflect the date the report was actually received. The undersigned advised that neither a revised motion nor any additional briefing was necessary.

volume of evidence to be reviewed, she would be unable to complete the report by August 30, 2023, but would be able to complete the report by September 18, 2023. Plaintiff also noted that 8 of Defendant's supplemental discovery responses were outstanding and not due until September 18, 2023, and these responses could be reviewed by Thomas for inclusion in her report. (Filing No. 47).

Rule 1 sets the overarching standard applicable to all federal civil cases, stating the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements...., [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Edge in Coll. Preparation, LLC v. Peterson's Nelnet, LLC, No. 8:16CV559, 2018 WL 1732157, at *1 (D. Neb. Apr. 10, 2018), citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered after a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Defendant argues the motion "fails to articulate the good cause required for such an extension and demonstrates Plaintiff's unjustified failure to comply with the August 30, 2023 expert report rebuttal deadline, which was most recently extended by **149 days**."[2] (Filing No. 48, emphasis in original). Defendant opposes the instant motion, arguing that Plaintiff has not been diligent in pursuing this case and the expert's report was delayed, at least in part, because Plaintiff did not provide Plaintiff's deposition transcript to Thomas until after the ruling on the motion to strike.

However, upon review, Plaintiff sought the stay primarily because if Loudon's report was stricken, the expense and time required for the preparation of the rebuttal expert report would be unnecessary. Plaintiff also provided the majority of the evidence to the expert ahead of time so that if the report became necessary Thomas could begin work immediately. The length of time that elapsed between the filing of the motion to strike and ruling on the motion is irrelevant to the current motion to extend because Plaintiff's motive for the stay was cost avoidance. Plaintiff does not seek an extension of any other deadline in the operative progression order. In light of Rule 1's mandate, and for good cause shown, I find Plaintiff's request to extend the deadline from August 30 to September 25 is not unreasonable or prejudicial to Defendant.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to extend the rebuttal expert deadline to September 25, 2023, (Filing No. 45), is granted.

2) The status conference scheduled for October 24, 2023 at 9:30 a.m. will be held as previously scheduled. (See Filing No. 43).

---

[2] Defendant also argues that Plaintiff's rebuttal expert deadline has expired twice. However, Plaintiff's motion to stay (Filing No. 31) and motion to extend (Filing No. 45), were filed before midnight on the deadline, therefore the deadline has not yet expired.

3) Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by October 2, 2023.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

4) The deposition deadline for witnesses named in the supplemental Rule 26 disclosures is October 18, 2023.

5) The deadline for filing motions to dismiss, motions for summary judgment, and for filing motions to exclude the rebuttal expert's testimony on *Daubert* and related grounds is November 20, 2023.

Dated this 29th day of September, 2023.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge